**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| KENT EDWARD JORDAN, | * | |
| Petitioner, | * | |
| | | CASE NO. 1:07-CV-45 WLS |
| v. | * | 28 U.S.C. § 2255 |
| | | CASE NO. 1:04-CR-33 WLS |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Kent Edward Jordan was indicted on October 26, 2004, for: bank robbery by force and violence, and assaulting another by use of a dangerous weapon, a pistol, on September 24, 2004, all in violation of Title 18 United States Code, Section 2113(a) and 2113(d), as Count I of the Indictment; possessing on September 24, 2004, and carrying, using, and/or brandishing a firearm during and in relation to the furtherance of a crime of violence, to wit., armed bank robbery, all in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) and (ii), as Count II; and bank robbery on July 15, 2004, by force, violence, intimidation and assault upon another, by use of a dangerous weapon, all in violation of Title 18 United States Code, Section 2113(a) and 2113(d), as Count III. [Doc. 1].

On April 8, 2005, Petitioner Jordan entered into a Plea Agreement with the Government and pled guilty to the indictment. [Doc. 29, Doc. 30]. In Section 7 of his Plea Agreement, Petitioner Jordan stipulated that at trial the United States could prove beyond a reasonable doubt the following:

> On July 15, 2004, at about 11:30 a.m., the defendant entered the CB&To Bank located at 1444 Watson Boulevard, Warner Robins, Georgia, the deposits of which were then insured by the Federal Deposit Insurance Corporation.

This stipulation also states that Petitioner Jordan, by intimidation and with a dangerous weapon, did steal $6,063.00 from said FDIC insured bank. The stipulation continues as to Count III, stating that:

> On September 24, 2004, at about 4 p.m., the defendant, wearing a stocking over his head entered the Bank of America at 2111 East Oglethorpe Boulevard, Albany, Georgia, the deposits of which were then insured by the Federal Deposit Insurance Corporation.

This stipulation continues to state that Petitioner Jordan, by intimidation and display of a firearm, did rob said FDIC insured bank of $2,034.00.

Section 3 (G) of Petitioner's Plea Agreement provides that, "Defendant by this agreement forever waives any right to an appeal or other collateral review of Defendant's sentence in any court."

Section 3(A) of Petitioner's Plea Agreement provides that:

> Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to the Indictment which charges Defendant in Count One and Count Three with Bank Robbery, in violation of Title 18, United States Code, Sections 2113(a) and 2113(d), and in Count Two with Brandishing a firearm in furtherance of the crime of bank robbery, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

Petitioner Jordan entered his plea of guilty as stipulated and was sentenced to concurrent terms of 51 months on Counts I and III and to a term of 84 months consecutive

as to Count II, for a total term of imprisonment of 135 months. [Doc. 33].

Petitioner Jordan filed a direct appeal which was dismissed on April 7, 2006, on the finding that "Appellant has knowingly and voluntarily waived the right to appeal on the sentencing issue raised in his brief." [Doc. 55].

On December 11, 2006, Petitioner Jordan filed a document titled PETITIONER KENT EDWARD JORDAN'S AFFIDAVIT IN SUPPORT OF CLAIM FOR DECLARATORY RELIEF [Doc. 56] with affidavit attached. Petitioner stated that he was "entitled to have this petition treated as presented," citing *Castro v. United States,* 540 U.S. 375 (2003). In the pleading, Petitioner Jordan asserts in several different ways his contention that the district court "lacked subject matter jurisdiction"; that the indictment was defective for failing to contain any reference to a Federal Interstate Commerce nexus; and that, "an allegation of interstate commerce is jurisdictional and as such is an essential element in apprising the petitioner of the Grand Jury's authority to indict under violation of Title 18." [Doc 56 at 2].

Before any resolution of Petitioner's "Claim For Declaratory Relief" was rendered, he timely filed the present Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. [Doc. 57]. Petitioner's § 2255 Motion also challenges the district court's subject matter jurisdiction, and he challenges the Indictment for failing to reference a nexus to Interstate Commerce.

## **Petitioner's § 2255 Claims**

As Ground One of Petitioner Jordan's Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 [Doc. 57], he asserts that:

3

> THE COURT DID NOT AFFIRMATIVELY SHOW PROOF OF JURISDICTION AND SERVE PROPER PROCESS UPON THE PROPER PARTY TO MAINTAIN JURISDICTION OVER THE ACTION. THEREFORE, THE COURT LACKED SUBJECT MATTER JURISDICTION.

Petitioner Jordan refers to his attached Memorandum for elaboration on this claim. In his Memorandum at Section 5, "Statement Of Issues, Petitioner Jordan addresses his challenge to the court's subject matter jurisdiction, contending that, "The business of the court is commercial in nature, and only under the color of the law can it operate to it's ends." Jordan concludes Section 5A of his Memorandum stating, "[T]he Judgment is void for Want of Subject Matter Jurisdiction and is contrary to the Federal Constitutional."

Petitioner Jordan builds on his idea of the business of the court being commercial in nature, asserting in his Ground Two that:

> THE U.S. CONSTITUTION IS DESIGNED TO PROTECT THE COMMERCIAL INTEREST OF ITS SOVEREIGN'S AND CORPORATE "PERSONS" PURSUANT TO ARTICLE I, SECTION 8.

Thereafter, in Section 5B of his Memorandum, Petitioner Jordan maintains that the subject matter involved in his case, bank robbery, is controlled by the provisions of the Uniform Commercial Code in its various components. At page 11 of his Memorandum, Jordan asserts, "The Uniform Commercial Code makes clear of its intention in § 1-201(c) . . . '[t]o make uniform the law among the various jurisdictions.'" In passing, Petitioner Jordan addresses his Ground Three, that his conviction and sentence are based upon an invalid charging instrument. Jordan states:

> Furthermore, it is asserted that any and all, if any, obligations accrued or created by the Debtor (Kent Edward Jordan©) are

> hereby, DISCHARGED and/or RESCINDED, being that a Security Agreement exists between this Secured Party/Plaintiff and the Debtor (Kent Edward Jordan©), creating a Security Interest, which is PERFECTED. See, U.C.C. § 9-302.

Petitioner Jordan concludes his Memorandum in support of his § 2255 Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 demanding that:

> the Relief Sought (i.e., Vacating of Sentence) be GRANTED, and that the Collateral (Secured Party/Plaintiff's Corpus) being held against the Debts and Alleged obligation of the Debtor, be DISCHARGED IMMEDIATELY.

### Conclusions of Law

Petitioner's assertion that the Uniform Commercial Code is in any way applicable to a criminal prosecution or sentence for bank robbery under the United States Code has not been supported with any authority and no authority is found to support that premise. The constitutionality of the federal bank robbery statute, 18 U.S.C. § 2113, has long been decided in the Courts of the United States. *See Hudspeth v. Melville,* 127 F.2d 373, 375 (10th Cir. 1941). Congress relied on Article I, Section 8, Clauses 5 and 18 – setting out Congress's ability under the Necessary and Proper Clause to pass laws in furtherance of its power to coin money. *Id.* There has been no improper exercise of Congressional power under the Constitution in enacting or enforcing 18 U.S.C. § 2113.

The United States Court of Appeals for the Eleventh Circuit recently held in *United States v. Williams,* 185 Fed. Appx. 917, 920 (11th Cir. 2006), cited here pursuant to Eleventh Circuit Rule 36-2 as persuasive authority, the following:

5

> As to the jurisdiction of the district court, such courts have jurisdiction to hear cases concerning the violation of the laws of the United States. 18 U.S.C. § 3231. Bank robbery is a crime under the laws of the United States. *See* 18 U.S.C. § 2113(a). . . . [T]he law against bank robbery protects banks that are members of the Federal Reserve System or insured by the Federal Deposit Insurance Corporation. 18 U.S.C. § 2113(f); *United States v. Maner,* 611 F.2d 107, 108 (5th Cir. 1980).

As noted heretofore, federal jurisdiction appertains to "whoever"[1] commits the robbery of any bank insured by the FDIC as provided in 18 U.S.C. § 2113(f), and as stated in Petitioner Jordan's Indictment. There is no defect in the Indictment to which Petitioner Jordan pled guilty. Petitioner Jordan was at all times on proper notice as to the offenses charged against him. With counsel, Jordan entered into a Plea Agreement with the Government stipulating his guilt to two bank robberies according to the statutory definitions contained in 18 U.S.C. § 2113. His assertions of the applicability of the Uniform Commercial Code, his personal sovereignty, and his copyright to his name are incorrect, irrelevant, and immaterial to his criminal prosecution, conviction and sentence. He fails to show any cause for relief under his Motion To Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Motion be DENIED as waived by the provisions ¶ 3(G) of his Plea Agreement, specifically that, "Defendant by this agreement forever waives any right to an appeal or *other collateral review of Defendant's sentence in any court."* Moreover, Petitioner's Motion should be DENIED for failure to

---

[1] Title 18 U.S.C. § 2113(a).

state any claim upon which this court might grant relief.

**IT IS FURTHER RECOMMENDED** that this Report and Recommendation stand as answer to Petitioner's Motion For Declaratory Relief, to wit., that the United States District Courts have subject matter jurisdiction over the commission of the robbery of any bank insured by the Federal Deposit Insurance Corporation.

Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 31st day of May 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE